IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                    Civ. No. 16-507 WJ/KK
                                                     (Cr. No. 11-2014 WJ)

DOMINIC SAAVEDRA,

    Defendant/Petitioner.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendant/Petitioner's Objections to Proposed Findings and Recommended Disposition, filed October 31, 2017. (Doc. 10.) In her Proposed Findings and Recommended Disposition ("PFRD"), filed October 10, 2017, United States Magistrate Judge Kirtan Khalsa proposed to find that Defendant is not entitled to relief pursuant to 28 U.S.C. § 2255 because, contrary to Defendant's argument in support of his Section 2255 Motion (Doc. 1), his predicate felony of unarmed bank robbery based on "force, violence and intimidation" fits the definition of a "crime of violence" under the force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Doc. 10 at 1, 10) Accordingly, Judge Khalsa recommended that the Court deny Defendant's Section 2255 Motion and dismiss his claims with prejudice. (Doc. 10 at 10.) Defendant's objections to the PFRD, now before the Court, are not well taken and shall be overruled.

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the

[magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

The Court has considered Defendant's Section 2255 Motion, the Magistrate Judge's PFRD, and Defendant's Objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review, the Court finds that Defendant's Objections to the Magistrate Judge's PFRD are unfounded. In his Objections, Defendant invokes the definition of "intimidation," taken from various dictionaries, to demonstrate that, in the common parlance, the definition of "intimidation" does not include the use or threatened use of force nor does it include reasonable fear as a result of the use or threatened use of force. (Doc. 10 at 2-3.) As demonstrated in the PFRD, however, the term "intimidation" is defined in the Tenth Circuit

Criminal Pattern Jury Instructions, and the legal meaning of that term has been analyzed in a number of judicial opinions, thereby obviating the need for, and the persuasive value of, an examination of the dictionary to discern the meaning of that term in the context of the ACCA. (Doc. 8 at 7-9.) Defendant, having identified no binding or persuasive authority demonstrating error in the Magistrate Judge's analysis, has not persuaded the Court that the PFRD should be modified, rejected, or returned to Judge Khalsa for further analysis.

In short, following its *de novo* review, the Court finds no fault with Judge Khalsa's PFRD, and discerns nothing that might usefully be added to it. Thus, rather than repeat what the Magistrate Judge has already written, the Court hereby ADOPTS the Magistrate Judge's PFRD and OVERRULES Defendants' Objections.

Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons explained in the Magistrate Judge's PFRD and this Order, the Court finds that reasonable jurists could not debate this Court's denial of Defendant's § 2255 motion and, therefore, a certificate of appealability will be denied.

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1.) is **DENIED**.

2. This Matter is **DISMISSED** with prejudice.

3. A certificate of appealability is DENIED.

> **The parties are hereby notified that, as provided in Rule 11(a), they cannot appeal this denial of a certificate of appealability and instead may seek a certificate of appealability from the United States Court of Appeals for the Tenth Circuit pursuant to Federal Rule of Appellate Procedure 22. They are further notified that a motion to reconsider this denial of a certificate of appealability does not extend the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a).**

**IT IS SO ORDERED.**

_____
**United States District Judge**